UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DEAMUS TROY CASTERLINE,** § | | |
| **Petitioner** § | | |
| § | | |
| v. § | | Civil No. CC-09-164 |
| § | | |
| **RICK THALER,** § | | |
| **Respondent** § | | |

**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On June 14, 1985, a jury convicted *pro se* Petitioner Deamus Troy Casterline ("Petitioner") of capital murder in the 36th District Court of Aransas County, Texas. Petitioner received a life sentence, and he is currently incarcerated at the Coffield Unit in Tennessee Colony, Texas. On July 24, 2008, the State of Texas Board of Pardons and Paroles ("the Board") denied Petitioner parole for one or more of the following reasons:

> The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses an undue threat to the public; or the record indicates use of a weapon.

On April 16, 2009, Petitioner filed an application for writ of habeas corpus in state court challenging the Board's decision on two grounds. He first claims that he is eligible for release to mandatory supervision under the Texas statute that was in effect at the time he committed the offense in 1984.[1] However, as Petitioner acknowledges in his application, the Texas Court of

---

[1] At the time Petitioner committed the offense, the Texas statute governing eligibility for release to mandatory supervision provided that an inmate not under sentence for death "shall be released to mandatory supervision" when the "calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." TEX. CRIM. CODE ANN. art. 42.12, §15(c) (Vernon 1981).

Criminal Appeals ("TCCA") in *Ex Parte Franks*, 71 S.W.3d 327, 327-38 (Tex. Crim. App. 2001) specifically held that the 1981 version of the Texas mandatory supervision statute does not permit a life-sentenced inmate to be eligible for release to mandatory supervision. *Stewart v. Crain*, 308 Fed. Appx. 748, 749 (5th Cir. 2009) (citing *Ex Parte Franks*, 71 S.W.3d at 327-28)). The TCCA construed the plain language of the mandatory supervision statute and explained that "it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." *Stewart*, 308 Fed. Appx. at 749 (citing *Franks*, 71 S.W.3d at 328). *See also Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).[2]

Petitioner argues the TCCA's "unforeseeable and indefensible construction" of the 1981 version of the statute in *Franks* is "an arbitrary change that strips the 'fair warning' standard of punishment prescribed by the laws in effect on the offense date." He continues:

> The TCCA's judicial construction, as applied, amounts to an imposition of greater punishment, changes the substantive formula for securing any reduction to punishment, and deprives applicant of an entitlement under state law protected by the 14th Amendment of the United States Constitution.

In his second claim for relief, Petitioner argues the Board denied him parole based on various legislative and policy changes that were not in effect at the time he committed his offense. He argues these changes, as applied to him, imposed "harsher standards of suitability" for parole thereby increasing his punishment in violation of the *ex post facto* clause of the Constitution.

---

[2] In *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002), the Fifth Circuit Court of Appeals held that a life-sentenced inmate is not eligible for release to mandatory supervision under the 1977 version of the Texas mandatory supervision statute. *Stewart*, 308 Fed. Appx. at 749 (citing *Arnold*, 306 F.3d at 279). The Court determined the TCCA's reasoning in *Franks* was determinative because the 1977 version of the mandatory supervision statute was substantively identical to the version of the law at issue in *Franks*. *Id*. The Court particularly noted that it was not its function to review a state's interpretation of its own law, and therefore deferred to the TCCA's reading of the statute. *Id*.

On June 3, 2009, the Texas Court of Criminal Appeals denied Petitioner's state habeas application without written order. Under Texas law, the denial of relief by the Court of Criminal Appeals serves as a denial on the merits. *McCall v. Dretke*, 390 F.3d 358, 363 (5th Cir. 2004) (citing *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000) (*quoting Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim...")).  On July 7, 2009, Petitioner filed the instant petition for writ of habeas corpus relief, pursuant to 28 U.S.C. §2254.  He makes the same arguments challenging the Board's decision to deny him parole.

Pending before the Court is Respondent's motion for summary judgment that (1) there is no constitutional right to release on parole in Texas, and (2) Petitioner has failed to demonstrate an ex post facto violation. *See* D.E. 11.  The United States Magistrate Judge recommends the Court grant Respondent's motion.  *See* D.E. 26.  Petitioner filed objections.  *See* D.E. 37, 38.

When a federal district court reviews a §2254 habeas petition, it must defer to the determination of the state court in any case adjudicated on the merits. *McCall v. Dretke*, 390 F.3d 358, 362-63 (5th Cir. 2004).  A federal court may only overturn a state court's determination that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *McCall*, 390 F.3d at 362-63 (citing 28 U.S.C. §2254(d)).

Because the TCCA *denied* Petitioner's application, this Court must consider Petitioner's claims as having been adjudicated on the merits. *Id.* at 363.  Having considered the Magistrate Judge's recommendation, Petitioner's objections, Respondent's reply, and the record in this case,

the Court finds Petitioner has failed to demonstrate that he is entitled to relief under 28 U.S.C. §2254(d). Petitioner has not demonstrated to this Court that the TCCA's decision to deny him relief was contrary to, or involved an unreasonable application of, clearly established Federal law, nor has he demonstrated that the TCCA's adjudication of his claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The finds no error in the Magistrate Judge's memorandum and adopts her findings and conclusions in part.

Respondent's motion for summary judgment is GRANTED (D.E. 11). Petitioner's petition for writ of habeas corpus relief is DISMISSED with prejudice. Should Petitioner seek a Certificate of Appealability, it is DENIED.

ORDERED March 28, 2011.

_Hayden Head_
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE