IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **DEAMUS TROY CASTERLINE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-09-164** |
| | § | |
| **RICK THALER, Director, TDCJ-CID,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Criminal Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas.  The actions about which he complains occurred in Aransas County, Texas.  Proceeding *pro se* and *in forma pauperis*, Petitioner filed this motion pursuant to Fed. R. Civ. P. 60(b)(6) on February 26, 2013 (D.E. 80).  The underlying conviction which is the subject of the petition is a 1985 Aransas County conviction for the offense of capital murder, for which Petitioner received a life sentence.  Petitioner argues that he is presenting a previously undisclosed fact that shows that the decision in his original habeas application was manifestly unjust.  For the reasons set forth below, it is recommended that Petitioner's motion be denied.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]  Petitioner was convicted in Aransas County, Texas.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On June 29, 2009 Petitioner filed a habeas corpus petition challenging his Aransas County conviction for murder (D.E. 1).  Final judgment was entered March 28, 2011, denying relief (D.E. 51, 53).  On April 21, 2011 Petitioner filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the order of the district court (D.E. 56).  The motion was denied as second or successive on August 30, 2011 (D.E. 60, 64).

Petitioner next sought and was granted a Certificate of Appealability on two of the issues he argued to the district court: whether the Texas Court of Criminal Appeals' decision in *Ex Parte Franks*, 71 S.W.3d 327, 328 (Tex. Crim. App. 2001), gave rise to Due Process implications in light of *Rogers v. Tennessee*, 532 U.S. 451 (2001) and whether there were ex post facto implications of the state's policy, adopted after Petitioner's offense, of keeping violent offenders in prison longer in order to receive federal funds under the Violent Offender Incarceration/Truth in Sentencing Act (D.E. 65,

---

[1]Although it is recommended herein that Petitioner's cause of action be dismissed because this court does not have jurisdiction over petitions which are "second or successive," "[a] bedrock principle of federal courts is that they jurisdiction to determine jurisdiction." *Cargill Ferrous Intern. v. SEA PHOENIX MV*, 325 F.3d 695, 704 (5th Cir. 2003).

75).[2]  The Fifth Circuit affirmed the District Court on December 3, 2012.  *Casterline v. Thaler*, 494 Fed. Appx. 500 (5th Cir. 2012)(D.E. 76).  Petitioner has filed a petition for writ of certiorari in the United States Supreme Court and it is pending.  *Casterline v. Thaler*, No. 12-9736 (D.E. 81).

## DISCUSSION

### A.  Rule 60(b) Motion

Federal Rule of Civil Procedure 60(b) provides the following:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner asserts that he is bringing the motion under Rule 60(b)(6).

The United States Supreme Court discussed the relationship between Rule 60(b) and 28 U.S.C. §§ 2254 and 2241 in *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  The Rules of Civil Procedure apply to habeas corpus proceedings only to the extent they are not inconsistent with applicable federal statutory

---

[2]Petitioner later withdrew his arguments regarding the ex post facto claims based on the state's receipt of funding under the Truth-In-Sentencing Act (D.E. 75).

provisions and rules.  Id., 545 U.S. at 529, 125 S.Ct. at 2646 (citing 28 U.S.C. § 2254,

Rule 11 and Fed. R. Civ. P. 81(a)(2)).  When a petitioner has filed a previous federal

habeas claim, 28 U.S.C. § 2244(b)(1)-(3) imposes three requirements on second or

successive habeas petitions: (1) any claim adjudicated in a previous petition must be

dismissed; (2) any claim not already adjudicated must be dismissed unless it relies on

either a new and retroactive rule of constitutional law or new facts showing a high

probability of actual innocence and (3) before the district court may accept a successive

petition, the court of appeals must determine that it presents a claim not previously raised

that is sufficient to meet § 2244(b)(2)'s new-rule or actual innocence provisions.  If a

petitioner is asserting a claim that either on its face is a habeas claim, or is similar enough

to a habeas claim that failing to subject it to the same requirements would be inconsistent

with the statute, he cannot circumvent the "second or successive" requirement that the

claim be pre-certified by the court of appeals as falling within an exception to the

successive-petition bar.  *Gonzalez*, 545 U.S. at 531-532, 125 S.Ct. at 2647-2648.

The Court explained that determining whether a Rule 60(b) motion advances one

or more claims subject to the second or successive certification requirement generally will

be simple.  A motion that seeks to add a new ground for relief, or attacks a previous

court's resolution of a claim on the merits, would be subject to the bar.  *Id*., 545 U.S. at

532, 125 S.Ct. at 2648.  But if a Rule 60(b) motion attacks not the substance of the federal

court's resolution of a claim on the merits, but some defect in the integrity of the federal

habeas proceedings, it would not be subject to the bar.  *Id.*

4

Petitioner contends that he is seeking redress of a defect in the earlier habeas proceeding, but then goes on to argue that the purported defect in the proceeding is "the view of the highest court of the State as to the meaning of its own law." (D.E. 80 at 5). In support of his argument he seeks to present evidence of the legislative history of the Texas parole statutes in order to show that the decision in *Franks* was erroneous. It is clear that the quintessence of Petitioner's motion is a challenge to the conclusion reached in the original federal habeas action that he is not entitled to relief under 28 U.S.C. § 2254(d). Because he could have presented the evidence or made the argument in his original petition, his motion is construed as a habeas action and is second or successive.

This court lacks jurisdiction over a habeas action that is "second or successive." *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hooker v Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). This court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court. See 28 U.S.C. §2244 (b)(3)(A). *See also Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)(approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers).

Because Petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute,[3] dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit.  Accordingly, it is recommended that Petitioner's claims arising out of the original state court proceedings be dismissed without prejudice to refiling if proper authorization from the Fifth Circuit is obtained.

**B.  Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Movants challenging their state court convictions by way of a Rule 60(b) motion are subject to the COA requirement.  *Ochoa Canales v. Quaterman*, 507 F.3d at 884, 888 (5th Cir. 2007).

Although Petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has

---

[3]Petitioner will have to demonstrate to the Fifth Circuit that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or that the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2).

made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

7

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. If the district court orders that Petitioner's cause of action be dismissed, and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not disagree that Petitioner's claims are successive requiring authorization of the Fifth Circuit Court of Appeals prior to filing.

## **RECOMMENDATION**

For the reasons stated above, it is respectfully recommended that Petitioner's motion for relief from judgment brought pursuant to Fed. R. Civ. P. 60(b)(6)(D.E. 80) be denied without prejudice because the claim is second or successive. In addition, it is recommended that any request for a COA be denied.

Respectfully recommended this 8th day of May, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

8

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).